IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DENISE MECKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:23-cv-03047-MDH |
| ) | |
| BLUEGREEN VACATIONS CORP., ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants Bluegreen Vacations Corporation, Bluegreen Vacations Unlimited, Inc., Dusty Tonkin, Yolanda Armalin, Susan Saturday, Lynn Brown, Russell Cox, Steve Coen, Howard Kitchen, Heather Pilkinton, and Kathy Jo Conque's (collectively "Defendants'") Motion to Compel Arbitration. Also before the Court is Plaintiff Denise Mecke's Motion for a Hearing on Defendants' Motion to Compel Arbitration. For reasons herein, Defendants' Motion is **GRANTED**. Plaintiff's Complaint is, accordingly, **DISMISSED**. Further, Plaintiff's Motion for a Hearing is **MOOT**.

## BACKGROUND

Defendant Bluegreen Vacations Unlimited ("Defendant Bluegreen") sells and manages timeshare properties throughout the United States. Plaintiff worked for Defendant Bluegreen in a variety of positions from 2002 until 2010, at which point Plaintiff voluntarily ended her employment because, she contends, she observed certain sales practices she found to be unethical. Nonetheless, in March 2011, Plaintiff sought reemployment with Defendant Bluegreen, who then

1

rehired Plaintiff on April 1, 2011 as sales representative. When Defendant Bluegreen rehired Plaintiff, Plaintiff signed, among other documents, an Arbitration Agreement ("the Agreement"), requiring Plaintiff to arbitrate, rather than pursue in court, a variety of disputes that may arise between Plaintiff and Defendant as well as others. In pertinent part, the Agreement provides as follows.

> This Arbitration Agreement, between the undersigned Individual and Bluegreen (Bluegreen or the Company) is intended to provide the exclusive means of resolving all Disputes, as defined below, which may arise between them. In consideration for their mutual promises, both parties, by entering into this Agreement, give up their right to trial by court or by jury…This Agreement is to be enforced under the Federal Arbitration Act ("FAA").
>
> Disputes subject to arbitration are all Disputes between the parties, which may otherwise be brought in a court or before a governmental agency, arising out of or related to the Individual's application for employment, employment, or termination of employment with the Company. Also subject to arbitration are disputes involving any person or entity whose liability or right of recovery derives from a Dispute covered by this Agreement (e.g. partner, agent, subsidiary or parent corporation, affiliate, shareholder, successor or assign of a party).
>
> Such Disputes include, but are not limited to, claims of…wrongful termination…defamation…violation of public policy, negligent retention, negligent supervision, negligent entrustment…retaliation…any other tort, contract, equitable, statutory, or constitutional claim, breaches of any duty owed by an employee to an employer, and claims against an employee, officer, director or agent of the Company who has agreed to arbitrate a claim which would directly or indirectly subject either party to liability…Further, Disputes include claims related to…whistleblowing activity…

The Agreement further indicates that "rules governing arbitration proceedings are contained in the Company's Arbitration Rules, which are incorporated herein by reference." The Arbitration Rules ("the Rules"), which Plaintiff alleges she never reviewed, also indicate that the Rules "are expressly incorporated into the parties' Arbitration Agreement." Rule Fifteen provides that "Bluegreen Corporation may revise these procedures as it deems necessary consistent with the interests of fairness and due process." Any such modification, however, will not apply to "any claim which has been submitted to arbitration prior to the date on which the revision is

2

communicated to the parties." The Arbitration Rules include no rule allowing other parties subject to the Arbitration Agreement, like Plaintiff, to modify any arbitration rule or procedure. Nor do the rules provide that Defendant Bluegreen must provide Plaintiff with any notice of any unilateral modification.

Plaintiff does not dispute that she initialed and signed the Agreement. Plaintiff's final signature on the Agreement, also signed by a representative of Defendant Bluegreen, appears just below bold and underlined text that appears in capital letters, reading "this contract contains a binding arbitration provision which may be enforced by the parties." The final section of the Agreement states that, by signing, both parties agree that they have carefully read the Agreement, had "an opportunity to examine the Arbitration Rules", and understand that signing the Agreement means "both parties waive their right to trial by court or jury." After signing the Agreement and beginning her work as a sales representative, Plaintiff alleges that she observed some coworkers engage in sales practices she believed to be deceptive and at odds with company policy. Plaintiff made audio recordings of some of her coworkers engaged in practices Plaintiff found to be deceptive. Plaintiff provided some of these recordings to supervisors. On an August 3, 2022 phone call, Defendant Armalin advised Plaintiff she had been terminated for "breach of confidentiality by covertly recording reps." (Doc. 1 at ¶ 83).

Plaintiff believes her termination to be wrongful and has alleged altogether ten counts against eleven defendants, each involved in the circumstances surrounding Plaintiff's discharge. Specifically, Plaintiff's Complaint alleges under Count One Unlawful Discharge in Violation of RSMO § 285.575 (Missouri's whistleblower protection act); Count Two Wrongful Discharge and Retaliation in Violation of Public Policy; Count Three Unfair Competition; Count Four Fraud; Count Five Negligent, Retention, and/or Supervision of Unfit Employees; Count Six Quantum

Meruit; Count Seven Tortious Interference with Business Expectancy; Count Eight Defamation; Count Nine Civil Conspiracy; and Count Ten Declaratory Judgment. Plaintiff further alleges that, Each Defendant is sued individually and as a partner, agent, and/or employee of Defendants Bluegreen acting within the course and scope of said partnership, agency, and/or employment, with the knowledge, permission, and/or consent of the other co-Defendants…Defendants Bluegreen are liable to the Plaintiff for the acts of the individual Defendants under the legal doctrine of *respondeat superior*. (Doc. 1 at ¶ 14).

In the present motion, Defendants ask this Court to dismiss Plaintiff's Complaint and compel this matter to arbitration pursuant to the terms outlined in the Agreement. In the alternative, Defendants ask that this Court compel arbitration, but stay this matter pending a resolution in arbitration. Plaintiff, on the other hand, does not argue that she did not sign the Agreement, nor does Plaintiff argue the present dispute as alleged in the Complaint somehow falls outside the scope contemplated by the Agreement. Rather, Plaintiff argues the Agreement is unenforceable because it lacked consideration and is unconscionable.

## STANDARD

A party who has not agreed to arbitrate a dispute cannot be forced to do so. *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 648 (1986). The validity of an arbitration agreement is determined by reference to state law. *See Perry v. Thomas,* 482 U.S. 483, 493-94 n. 9 (1987). Because Plaintiff worked for Defendant in Missouri and resided in Missouri, Missouri law controls the validity of Defendant's arbitration agreement. Under Missouri law, the Court must engage in a three-step process, deciding: 1) whether a valid contract exists; 2) whether the specific dispute falls within the scope of the arbitration agreement; and 3) the court must then determine if the agreement is subject to revocation based upon contract principles, such

as whether it is procedurally or substantively unconscionable. *Whitworth v. McBride & Son Homes, Inc.,* 344 S.W.3d 730, 736 (Mo. App. W.D. 2011), citing *Nitro Distributing, Inc. v. Dunn,* 194 S.W.3d 339, 345 (Mo. banc 2006). "Whether an arbitration agreement is valid is a matter of state contract law." *Faber v. Menard, Inc.,* 367 F.3d 1048, 1052 (8th Cir. 2004).

**DISCUSSION**

I.  **Federal Arbitration Act ("FAA") Controls**

As a preliminary matter, this Court finds that the FAA applies to the enforcement of the Agreement. The plain language of the Agreement makes clear the Parties' intent that the FAA would govern enforcement of the Agreement: "This Agreement is to be enforced under the Federal Arbitration Act ("FAA")." Neither party appears to contest this point.

The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, the FAA places arbitration agreements "upon the same footing as other contracts." *Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) (citation omitted). Not only does the FAA require the enforcement of arbitration agreements, but it "declare[s] a national policy favoring arbitration." *Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 20 (2012) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). To the extent any conflict exists between the FAA and any relevant Missouri statute, the FAA preempts Missouri law. *Sturgeon v. Allied Pros. Ins. Co.*, 344 S.W.3d 205, 212 (Mo. Ct. App. 2011); *Standard Sec. Life Ins. Co. v. West*, 127 F. Supp. 2d 1064, 1067 (W.D. Mo. 2000).

II. **The Agreement is Enforceable Under Missouri Contract Law**

Under Eighth Circuit precedent, the first substantive question to address is whether the Agreement is a valid, enforceable contract under Missouri contract law. *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004). If enforceable, then this Court must look to whether the specific dispute at issue falls within the scope of the Agreement.[1] As to the first issue, Plaintiff argues the Agreement is unenforceable because it lacks consideration and because it is unconscionable.

   a. **Consideration Supports the Agreement**

In Missouri, legal consideration is essential for the formation of any contract, including one for arbitration. *Kunzie v. Jack-In-The-Box, Inc.*, 330 S.W.3d 476 (Mo. App. E.D. 2010). Consideration is created by "either a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 25 (Mo. App. W.D. 2008). Plaintiff argues that the Agreement lacks consideration and proves therefore unenforceable. Plaintiff's position, however, ignores the plain language of the Agreement. The Agreement provides, "In consideration for their mutual promises, both parties, by entering into this Agreement, give up their right to trial by court or by jury." This Court has previously held "parties' mutual promise to arbitrate constitutes sufficient consideration if that promise was binding upon both sides." *James v. Menard, Inc.*, 2021 WL 4129762, at *2 (W.D.

---

[1] The parties appear to agree that the allegations within Plaintiff's Complaint fall within the scope of the Agreement. To the extent Plaintiff suggests the Complaint's allegations fall outside the scope of the Agreement because the Agreement does not extend beyond Plaintiff's employment with Defendant Bluegreen (Doc. 5 at 5), such an argument is without merit. The Agreement's plain language is unambiguous that the Agreement contemplates disagreements about, *inter alia*, termination of employment. It makes no sense that the Agreement would specifically contemplate disagreements about termination and become invalidated upon an employee's termination.

Mo. Sept. 9, 2021). Further, the Missouri Supreme Court has specifically found that contract provisions providing the ability to unilaterally modify arbitration rules do not render illusory promises to mediate, where those provisions specifically allow only for prospective rather than retroactive modifications. *See Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 776–77 (Mo. 2014) (mutual promises to arbitrate not illusory where unilateral modification provision allows for only prospective rather than retroactive changes.). In the present matter, Rule Fifteen's stipulation that no rule modifications will apply to matters already submitted to arbitration by either party is sufficient to show that any changes Defendant Bluegreen may pursue cannot apply retroactively. It is also plain under Missouri law that the Rules constitute part of the contract that binds the parties. *See Bowers v. Asbury St. Louis Lex, LLC*, 478 S.W.3d 423, 428-29 (Mo. Ct. App. 2015) (arbitration rules expressly incorporated into contract language evidence the parties' intent to read the documents together as one).

   b. **The Agreement is Not Unconscionable**

Plaintiff argues the Agreement is unenforceable also because it is unconscionable. Under Missouri law, a contract is unconscionable only when it is found to be both procedurally as well as substantively unconscionable. *Cicle v. Chase Bank USA*, 583 F.3d 549, 554 (8th Cir. 2009). Examination of whether a contract is procedurally unconscionable emphasizes the process surrounding the formation of the contract, while a contract that is substantively unconscionable is unduly harsh in its terms. *Id*. A court will hold a contract to be unconscionable only upon finding "an inequality so strong, gross, and manifest that it must be impossible to state it to one with common sense without producing an exclamation at the inequality of it." *Smith v. Kriska*, 113 S.W.3d 293, 298 (Mo. Ct. App. 2003).

Plaintiff argues the Agreement is procedurally unconscionable because it was: 1) non-negotiable; 2) difficult for Plaintiff to understand in its entirety thereby reflecting unequal bargaining power; and 3) executed in a high-pressure environment. Plaintiff also contends the terms of the Agreement are substantively unconscionable because:1) Defendant Bluegreen alone can modify the Arbitration Rules; 2) the Agreement places a disproportionate financial burden on Plaintiff; and 3) prevents Plaintiff from filing a class action suit against Defendant. Even taking Plaintiff's contentions as true, however, it is clear the terms of the Agreement and the process by which it was signed do not evidence a level of unconscionability that would render the Agreement unenforceable under Missouri law.

As to Plaintiff's first two arguments regarding procedural unconscionability, Missouri Courts are clear that a contract is not procedurally unconscionable simply because its terms are non-negotiable and one party has more bargaining power than the other. *See Grossman v. Thoroughbred Ford, Inc.*, 297 S.W.3d 918, 921 (Mo. Ct. App. 2009) (courts look not simply to negotiability and relative bargaining power but to enforcing reasonable expectations). While lack of negotiability and relative bargaining power may be factors to consider under Missouri law, neither is dispositive in determining unconscionability. Further, the case Plaintiff cites for support of the proposition that non-negotiability supports a finding of unconscionability is meaningfully distinguishable. In *Brewer*, the contract at issue was a $2,215 loan from a title loan company that charged the plaintiff 300 percent annual interest. *Brewer v. Missouri Title Loans*, 364 S.W.3d 486, 487 (Mo. 2012). In the present matter, Plaintiff does not contend, nor does the record otherwise indicate, that Plaintiff was somehow forced into accepting a job with Defendant Bluegreen. Rather, Plaintiff's argument makes clear that she specifically sought re-employment with Defendant Bluegreen and was re-hired on the spot. (Doc. 5 at 1). There is simply no indication that Defendant

was somehow deprived of meaningful choice in terms of her decision to seek and accept employment with Defendant Bluegreen, regardless of whether the Agreement constitutes a condition of such employment.

A meaningful distinction exists between the decision to, on one hand, accept at-will employment, and on the other, pursue a payday loan with 300 percent interest, as the Plaintiff did in *Brewer*. As to Plaintiff's final procedural unconscionability argument, that Plaintiff signed the contract in a high-pressure environment, it is clear that this does not automatically support a finding of unconscionability. While certain high-pressure sales tactics may suggest unconscionability, Plaintiff makes no such allegations. *See Cicle v. Chase Bank USA*, 583 F.3d 549, 555 (8th Cir. 2009) (high-pressure sales tactics designed to coerce may indicate procedural unconscionability). Instead, Plaintiff contends that she was simply "rushed through her hiring paperwork." (Doc. 5 at 1). This position, even if true, is insufficient to support a finding of unconscionability.

In terms of Plaintiff's arguments for substantive unconscionability, the Missouri Supreme Court, as discussed more fully above, has already found that a contract provision that allows only one party to prospectively modify arbitration rules is not grounds for unenforceability. *See Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 776–77 (Mo. 2014) (mutual promises to arbitrate not illusory where unilateral modification provision allows for only prospective rather than retroactive changes.).[2] Accordingly, this indicates that, under Missouri law, any provision that allows prospective rather than retroactive unilateral modification is not so one sided as to render the arbitration agreement unenforceable.

---

[2] Though *Baker* involved a challenge to whether consideration supported the contract, there is no indication Missouri courts would decide the matter differently if the argument instead focused on substantive unconscionability. If a contract provision that allows only one party to prospectively change arbitration rules survives a consideration argument, the same provision is thereby not evidence of substantive unconscionability.

Plaintiff also argues the terms of the Agreement are substantively unconscionable because of disproportionate financial burden on Plaintiff. In terms of fees, the Agreement indicates that: 1) the party submitting a matter to arbitration must pay a $350 fee; 2) the expense of arbitration, including the arbitrator's fees and expenses, is covered entirely by Defendant Bluegreen; 3) attorney's fees and costs are covered by each party[3]; 4) any party seeking appeal must cover a $450 filing fee; and 5) any party seeking a transcript must cover the cost of the transcript. The Rules also indicate that, upon a finding by the arbitrator that a party has submitted a claim not substantially justified by the law or facts, that party may be responsible for the expense of arbitration. While this standard remains somewhat vague, any such finding would be, pursuant to the Arbitration Rules, appealable. This provision also appears to be a reasonable deterrent against either party asserting frivolous claims or defenses.

As Defendants argue, the fees outlined in the Arbitration Rules do not appear unduly one-sided or disproportionate and further appear comparable to fees associated with filing a lawsuit in federal or state court. This is particularly true as to fees associated with the expense of the arbitration itself, separate from attorney fees, which are shouldered entirely by Defendant Bluegreen, except in cases where the arbitrator finds the opposing party has asserted a claim or defense that is not substantially justified by law or fact. This provision distinguishes the instant matter from the fee scheme at issue in *Vincent*, which the Missouri Supreme Court found to be unconscionable because it required homebuyers to cover all arbitration costs, rather than splitting that cost with developers. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 860 (Mo. 2006). *See also Brewer v. Missouri Title Loans*, 364 S.W.3d 486, 493 (Mo. 2012) (arbitration agreement's fee structure unconscionable where agreement fails to specify fees are covered by title loan

---

[3] This provision also indicates that the arbitrator may not grant an award of attorney's fees unless a statute or contract at issue specifically allows for such an award.

company). Plaintiff fails to cite to any specific provision of the Agreement or the Rules in support of her contention that, if unsuccessful in her claims, "she faces the required assumption of all the costs, arbitrator fees and attorney fees for both parties." (Doc. 5 at 8). The plain language of the Agreement and the Rules seem to suggest the opposite: Defendant Bluegreen is responsible for all arbitration fees unless Plaintiff's claims are substantially unsupported by law or fact and the arbitrator may not award attorney fees unless a specific statute or contract provision at issue explicitly allows for the arbitrator to award such fees. Importantly, the Agreement's language also makes clear that these provisions apply with equal force to Defendant Bluegreen and any party asserting a claim in arbitration against Defendant Bluegreen.

Finally, Plaintiff argues the Agreement is substantively unconscionable because it involves a class-action waiver. This Court finds this argument unpersuasive. First, as Defendants argue, the Agreement does not require Plaintiff to waive class action claims, but instead requires those claims to be submitted to arbitration. Even if the Agreement did involve a class-action waiver, however, this is not automatically grounds for finding unconscionability. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). Second, the relevance of Plaintiff's class action argument remains unclear, as Plaintiff does not seek class certification and appears to have alleged no facts beyond those related to her own discharge. This sharply distinguishes Plaintiff's case from each of the cases Plaintiff cites in support. *See Hennessey v. Kohl's Corp.*, 571 F. Supp. 3d 1060 (E.D. Mo. 2021) (class action alleged); *Woods v. QC Fin. Servs., Inc.*, 280 S.W.3d 90 (Mo. Ct. App. 2008) (same); *Whitney v. Alltel Commc'ns, Inc.*, 173 S.W.3d 300 (Mo. Ct. App. 2005) (same); *Pleasants v. Am. Exp. Co.*, 541 F.3d 853 (8th Cir. 2008) (same). Plaintiff's specific allegations in this matter, which focus solely on Plaintiff's individual situation, provide no occasion to review the Agreement's provisions regarding class action allegations.

## CONCLUSION

For foregoing reasons, Defendants' Motion to Compel Arbitration is **GRANTED**. It is clear from the plain language of the Agreement as well as the Complaint that this entire controversy falls within the entire scope of the Agreement and, as discussed above, the parties do not appear to contest this point. Plaintiff's Complaint is therefore **DISMISSED**. Accordingly, Plaintiff's Motion for a Hearing is **MOOT**.

**IT IS SO ORDERED.**

Dated: October 12, 2023                                         /s/ Douglas Harpool

**DOUGLAS HARPOOL**
**United States District Judge**